TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and
potential Rule 23 Class*

**Case No. 18-cv-03246**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
XING LONG LIN,
*on his own behalf and on behalf of others similarly
situated*
                            Plaintiff,
                            v.
NEW FRESCA TORTILLAS INC
       d/b/a Fresca Tortillas and;
DA ZHONG LI
       a/k/a Steve Li , and
CINDY LI

                          Defendants.
---------------------------------------------------------X

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION**

**COMPLAINT**

      Plaintiff XING LONG LIN (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants NEW FRESCA TORTILLAS INC d/b/a Fresca Tortillas and DA ZHONG LI a/k/a Steve Li, and CINDY LI, and alleges as follows:

## **INTRODUCTION**

      1.     This action is brought by the Plaintiff XING LONG LIN, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) out of pocket expenses to delivery experts on the road, (4) liquidated damages, (5) prejudgment and post-judgement interest; and or (6) attorney's fees and cost.

4.      Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) out of pocket expenses to delivery experts on the road, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      From on or about March 08, 2016 to January 05, 2018 Plaintiff XING LONG LIN was employed by Defendants to work as a deliveryman at 7009 Grand Avenue, Maspeth, NY 11378.

## DEFENDANTS

### *Corporate Defendant*

8.      Defendant NEW FRESCA TORTILLAS INC d/b/a Fresca Tortillas is a domestic business corporation organized under the laws of the State of New York with a principal address at 7009 Grand Avenue, Maspeth, NY 11378.

9.      NEW FRESCA TORTILLAS INC d/b/a Fresca Tortillas is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10.     NEW FRESCA TORTILLAS INC d/b/a Fresca Tortillas purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

11.    The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

12.    DA ZHONG LI a/k/a Steve Li and Chief Executive Officer of NEW FRESCA TORTILLAS INC d/b/a Fresca Tortillas, known as "Boss" to Plaintiff XING LONG LIN, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at NEW FRESCA TORTILLAS INC d/b/a Fresca Tortillas.

13.    DA ZHONG LI a/k/a Steve Li hired Plaintiff XING LONG LIN.

14.    DA ZHONG LI a/k/a Steve Li acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with NEW FRESCA TORTILLAS INC d/b/a Fresca Tortillas.

15.    DA ZHONG LI a/k/a Steve Li is the husband of CINDY LI, his wife.

16.    CINDY LI, known as "Lady Boss" to Plaintiff XING LONG LIN, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at NEW FRESCA TORTILLAS INC d/b/a Fresca Tortillas.

17.    CINDY LI paid Plaintiff XING LONG LIN and other NEW FRESCA TORTILLAS INC d/b/a Fresca Tortillas employee each pay day.

18.     On or about March 8, 2017, CINDY LI raised Plaintiff XING LONG LIN's wage from a flat rate of one thousand six hundred dollars ($1,600.00) to one thousand seven hundred dollars ($1,700.00) a month.

19.     CINDY LI fired two chefs, the fry wok and a miscellaneous worker during summer of 2016 and winter of 2017.

20.     CINDY LI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with NEW FRESCA TORTILLAS INC d/b/a Fresca Tortillas.

## STATEMENT OF FACTS

21.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

22.     Pursuant to NYCRR Part 146-2.2 and 29 USC § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

23.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

24.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

25.     While employed by Defendants, Plaintiff was not exempt under federal and

state laws requiring employers to pay employees overtime.

26.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

27.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

28.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

29.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

30.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

*Plaintiff XING LONG LIN*

31.     From on or about March 08, 2016 to January 05, 2018 Plaintiff XING LONG LIN was employed by Defendants to work as a deliveryman at 7009 Grand Avenue, Maspeth, NY 11378.

32.     From on or about March 08, 2016 to January 05, 2018, Plaintiff XING LONG LIN's regular work schedule ran from from between 11:00 to 23:00 for twelve (12) hours a

day on Tuesdays, Wednesdays, Thursdays, Fridays, Saturdays and Sundays for six (6) days

and seventy two (72) hours a week for a total of 72.00 hours each week.

     33.     At all relevant times, Plaintiff XING LONG LIN did not have a fixed time for

lunch or for dinner.

     34.     From on or about March 08, 2016 to March 07, 2017, Plaintiff XING LONG

LIN was paid a flat compensation at a rate of one thousand six hundred dollars ($1600.00) per

month.

     35.     From on or about March 08, 2017  to January 05, 2018 , Plaintiff XING LONG

LIN was paid a flat compensation at a rate of zero dollars ($1700.00).

     36.     At all relevant times, Plaintiff XING LONG LIN was not paid overtime pay

for overtime work.

     37.     At all relevant times, Plaintiff XING LONG LIN was never informed of his

hourly pay rate or any tip deductions toward the minimum wage.

     38.     Further, at all relevant times, Plaintiff XING LONG LIN had to peel the

shrimp, broom and mop the floor, peel the onion, throw out the garbage, cut the paper board

for the delivery bag and do the sauce to be packed with the delivery bags.

     39.     At all relevant times, Plaintiff XING LONG LIN's non-tipped work exceeds

two (2) hours or twenty percent (20%) of Plaintiff's workday.

     40.     Throughout his employment, Plaintiff XING LONG LIN was not given a

statement with his weekly payment reflecting employee's name, employer's name,

employer's address and telephone number, employee's rate or rates of pay, any deductions

made from employee's wages, any allowances claimed as part of the minimum wage, and the

employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

41.     Throughout his employment, Plaintiff XING LONG LIN was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

42.     Throughout his employment, Plaintiff XING LONG LIN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

43.     As part of Plaintiff's employment with Defendants, Plaintiff XING LONG LIN was required to bear the cost of maintaining a motorcycle to delivery food for Defendants' benefit.

44.     In particular, Plaintiff XING LONG LIN was required to deliver between fifty (50) to sixty (60) orders, with a mile as the average delivery radius for each order.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff  brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Unpaid Wage
Brought on behalf of the** Plaintiff  **and the FLSA Collective]**

46.     Plaintiff  re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff  in full, and the similarly situated collective action members, for some or all of the hours they worked.

48.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

49.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff  and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
**[Violation of New York Labor Law—Failure to Pay Minimum Wage**
**Brought on behalf of Plaintiff]**

50.     Plaintiff  re-alleges and incorporates  by reference all preceding paragraphs as though fully set forth herein.

51.     At all relevant times, Plaintiff  is  employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

52.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

53.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

54.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%)

after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime
### Brought on behalf of the Plaintiff and the FLSA Collective]

55.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

57.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

58.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

59.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

60.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

61.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the

requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

62.      Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff  and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff  and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime
### Brought on behalf of Plaintiff]

63.      Plaintiff  re-alleges and incorporates  by reference all preceding paragraphs as though fully set forth herein.

64.      An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

65.      At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff  at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

66.      Defendant' failure to pay Plaintiff  his  overtime pay violated the NYLL.

67.      Defendants' failure to pay Plaintiff  was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff]

68.      Plaintiff  re-alleges and incorporates  by reference all preceding paragraphs as though fully set forth herein.

69.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

70.     Defendants' failure to pay Plaintiff  spread-of-hours pay was not in good faith.

## COUNT VI.
### [Defendants' Failure To Pay To Delivery Experts Working "On The Road" Brought on Behalf of Plaintiff and the Class]

71.     Plaintiff repeats and re-alleges all allegations in all preceding paragraphs as if fully set forth herein.

72.     Throughout the relevant period, Defendants required their delivery experts to maintain and provide a safe, functioning, insured and legally-operable automobile to make deliveries.

73.     Throughout the relevant period, Defendants required their delivery experts to bear all of the "out-of-pocket" costs associated with their vehicles, including costs for gasoline, vehicle depreciation, insurance, maintenance and repairs. For decades, the Internal Revenue Service ("IRS") has calculated and published a standard mileage reimbursement rate for businesses and employees to use in computing the *minimum* deductible costs of operating an automobile for business purposes.

74.     For 2015, the IRS Standard Mileage Rate was $0.575 per mile. For 2016, the IRS Standard Mileage Rate is $0.540 per mile. For 2017, the IRS Standard Mileage Rate is $0.535 per mile.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Provide Meal Periods Brought on behalf of Plaintiff]

75.     Plaintiff  re-alleges and incorporates  by reference all preceding paragraphs as though fully set forth herein.

76.     The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL § 162.

77.     Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

78.     Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

79.     Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff]

80.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81.     Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

82.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

83.     Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

84.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

**COUNT IX.**
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice**
**Brought on behalf of Plaintiff]**

85.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

87.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

88.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

89.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation

occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT X.
### [Violation of New York Labor Law—Failure to Provide Wage Statements
### Brought on behalf of Plaintiff]

90.     Plaintiff  re-alleges and incorporates  by reference all preceding paragraphs as though fully set forth herein.

91.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

92.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

93.     Due to Defendants' violations of New York Labor Law, Plaintiff  is  entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of

issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

      b)      Certification of this case as a collective action pursuant to FLSA;

      c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

      d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

      e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

      g)      An award of out-of-pocket breach-of-contract delivery costs for motorcycle expenses incurred and expended by Plaintiff on Defendants' bequest and behalf;

      h)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

        i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

        j)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

        k)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

        l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

        m)      An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 9% simple prejudgment interest provided by NYLL, post-judgment interest, and attorney fees and costs;

        n)      The cost and disbursements of this action;

        o)      An award of prejudgment and post-judgment fees;

        p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

        q)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York

June 2, 2018

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*

/s/ John Troy
John Troy (JT0481)